Filed 5/20/24  P. v. Baca CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DAVID ALLEN BACA,<br><br>　　　Defendant and Appellant. | H050920<br>(Monterey County<br>Super. Ct. No. CR14981) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant was sentenced to life in prison without the possibility of parole for a special circumstance murder committed in 1989 when he was 23 years old.  According to the record, defendant confessed to killing his aunt and sexually assaulting her dead body.

In 2023, defendant moved for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261, at which he could collect and preserve evidence pertaining to his youth at the time of the offense.  The trial court denied the motion because under Penal Code section 3051, subdivision (h), a person "sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age" is not eligible for a youth offender parole hearing.  Defendant's sole contention on appeal is that Penal Code section 3051, subdivision (h) violates the equal

protection clauses of the United States and California constitutions, and the case should be remanded for a *Franklin* hearing.

In *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*), which was decided after the completion of briefing in this case, the California Supreme Court found a rational basis for Penal Code section 3051, subdivision (h)'s exclusion of young adult offenders sentenced to life in prison without the possibility of parole. We requested supplemental briefs addressing the impact of *Hardin* on defendant's claim of an equal protection violation, and defendant correctly notes in supplemental briefing that this court is bound to follow *Hardin*. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Defendant nonetheless argues that because Hardin conceded his equal protection claim was subject to rational basis review, the Supreme Court's use of that standard there does not preclude us from applying defendant's preferred strict scrutiny standard in this case.

The question of what equal protection standard to apply was not discussed at length in *Hardin* given the parties' agreement on that issue. (See *Hardin*, *supra*, 15 Cal.5th at pp. 847–848.) But the California Supreme Court cited *People v. Chatman* (2018) 4 Cal.5th 277, a case in which rational basis review was applied to evaluate the constitutionality of a law prescribing different collateral consequences for different types of criminal convictions. (*Hardin*, at p. 847.) The Supreme Court also quoted *People v. Wilkinson* (2004) 33 Cal.4th 821, 838, in which it stated that a defendant " 'does not have a fundamental interest in a specific term of imprisonment[.]' " (*Hardin*, at pp. 847–848.) We read the Supreme Court's decision in *Hardin* as establishing that defendant's equal protection claim is properly subject to rational basis review, and we would reach the same conclusion ourselves based on other Supreme Court precedent. As we are not persuaded that a different standard should apply here, the result in *Hardin* is dispositive.

## DISPOSITION

The order is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Bromberg, J.


H050920
*People v Baca*